UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEAN PAUL STEPHENS,

    Plaintiff,

v.

HAUSNER, et al.,

    Defendants.

Case No. 21-09506 EJD (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a California parolee, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against various doctors located in Marin County. Dkt. No. 1 at 1-2. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff names the following as Defendants: Dr. Jeanette Krowlikowski (Internal Medicine) in Novato; "Dr. Hausner [and] Marelli (Canyon Manor Psychiatric Treatment Center); Dr. Michael McCabe (Old Marin County Jail Medical Dept.); and Dr. "Peter Barren Vaughey/Voy Vought" in San Rafael. Dkt. No. 1 at 1-2. Plaintiff asserts that this lawsuit arose in Marin County. Id. at 3.

Plaintiff's statement of facts begins with the assertion that "marijuana at 12 years old caused schizophrenia." Dkt. No. 1 at 3. Plaintiff then refers to an ultrasound performed by Dr. Krowlikowski, and Dr. Hausner's diagnosis of a "grave disability." Id. Plaintiff claims he is "now suffering from traumatic brain damage." Id. Under his first claim, Plaintiff states that Dr. Krowlikoswki and "McVaughey Voy or Vough" are "saying my bone structure was killing me." Id. at 5. Plaintiff says he "signed no consent form in the Old Marin County Jail for bone structure removal." Id. Plaintiff also states that a female deputy "hooked [his] back" and "left one of her teeth in [his] lower left jaw," that another female individual "had her head and back on me," and another "her legs or feet with mine." Id. Plaintiff also states that he is waiting for a referral from one doctor to another, but does not explain what the referral is for. Id. Under demand for relief, Plaintiff states, "personal injury… damage to the body or mind" and "wage loss and general damage." Id. at 7.

The complaint fails to state a cognizable § 1983 because it is largely nonsensical

and vague.  First, it is unclear whether any of the defendants named are state actors.  Secondly, it is unclear what constitutional right was violated by any of the named individuals.  Furthermore, Plaintiff identifies four defendants in this action, and only mentions two of them in his statement of claim; there are no factual allegations against the other two.  Lastly, it is unclear whether the actions or events described are in any way related to each other.  Plaintiff shall be afforded one opportunity to file an amended complaint in which to state sufficient factual allegations against each named defendant to support a claim involving the violation of a constitutional right.  In addition, all claims and defendants included must comply with the joinder requirements under Federal Rules of Civil Procedure 18(a) and Rule 20(a).  In preparing an amended complaint, Plaintiff should keep the following legal principles in mind.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted).  To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Id. at 633.

# CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 21-09506 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. Ramirez v. Cty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: April 21, 2022

EDWARD J. DAVILA
United States District Judge